UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 23-cr-20464
    District Judge Paul D. Borman

DEAIRES FOSTER,

    Defendant.
    _____/

**ORDER DENYING THIS PREVIOUSLY CONVICTED DEFENDANT'S MOTION TO DISMISS THIS SINGLE COUNT INDICTMENT CHARGING HIM WITH POSSESSION OF A FIREARM IN VIOLATION OF 18 U.S.C. § 922(g)(1) BASED ON THE CONSTITUTION'S SECOND AMENDMENT (ECF NO. 23)**

Title 18 U.S.C. § 922(g)(1) states that it shall be unlawful for any person who has been convicted of a crime punishable by a term exceeding one year to possess a firearm.

Defendant's Motion to dismiss this single count indictment charging a violation of 18 U.S.C. § 922(g)(1) relies upon the Supreme Court decision in *New York Rifle & Pistol Association, Inc. v. Kevin Bruen, in his official capacity as Superintendent of New York State Police, et al.,* 142 S.Ct. 2111 (2022). *Bruen* struck down on constitutional grounds a New York law requiring residents to demonstrate "proper cause" to obtain a license to carry a handgun outside of the house, because the state law infringed upon the Second Amendment by preventing

1

law abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms.

The *Bruen* decision did not invalidate the Supreme Court's holding in *Heller,* that the criminal statute, 18 U.S.C. § 922(g)(1) is presumptively constitutional.

Thus, this Court is bound by *Heller's* determination that no Supreme Court decision has cast doubt on any of Congress's regulations as to who may possess firearms, in particular 18 U.S.C. § 922(g)(1).

Joining the *Bruen* majority opinion, Justice Alito also issued a concurring opinion containing the following discussion:

1. *Heller* concluded that the Second Amendment protects the right to keep a handgun in the home for self-defense, codifying a preexisting right that was regarded at the time of the Amendment's adoption.

2. *Bruen* does not decide who may lawfully possess a firearm or the requirements that must be met to buy a gun, or the kinds of weapons that people may possess, nor does it change anything that was stated in *Heller* or *McDonald v. Chicago*, 561 U.S. 742 (2010) about restrictions that may be imposed on the possession or carrying of guns.

3. *Bruen* does not expand the categories of people who may lawfully possess a gun nor undermine federal law that generally forbids the possession of a handgun by a person who is under the age of 18, U.S.C. §§ 922(x)(2)-5, and bars the sale of a handgun to anyone under the age of 21, §§ 922(h)(1), (c)(1).

  4.  Ordinary citizens frequently use firearms to protect themselves from criminal attack. (*Id*. at 2158.)

    I reiterate; all we decide in this case is that the Second Amendment protects the right of law-abiding people to carry a gun outside the home for self-defense and that the Sullivan Law which makes that virtually impossible for most New Yorkers is unconstitutional. (*Id*. at 2159.)

  5.  *Heller* correctly recognized that the Second Amendment codifies the right of ordinary law-abiding Americans to protect themselves from lethal violence by possessing and, if necessary, using a gun. (*Id*. at 2161.)

This Court also notes that the 2010 Sixth Circuit Opinion in *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010), does not conflict with the holding in *Bruen*. *Carey* held that 18 U.S.C. § 922(g)(1) was presumptively constitutionally valid under *District of Columbia v. Heller*, 554 U.S. 570 at 626-27 and n.26 (2008). The Sixth Circuit *Carey* opinion cited *Heller* in upholding prohibitions on the possession of firearms by felons, and the mentally ill, and laws forbidding the carrying of firearms in sensitive places, or imposing conditions and qualifications on the commercial sale of arms. (*Heller*, 128 S.Ct. at 2816-17):

> After *Heller*, this Court offered that prohibitions on felon possession of firearms do not violate the Second Amendment…In short, Heller states that the Second Amendment right is not unlimited, and in fact, it is specifically limited in the case of felon prohibitions. Heller, 128 S.Ct. at 2816-17.

(*Carey*, at p. 741.)

This Court concludes that prohibitions in 18 U.S.C. § 922(g)(1) on felons possessing firearms are presumptively valid.

Accordingly, this Court DENIES Defendant Deaires Foster's Motion to Dismiss this single count Indictment.[1]

SO ORDERED.

Dated: January 26, 2024             s/ Paul D. Borman
                                    Paul D. Borman
                                    United States District Judge

---

[1] Justices Breyer in a dissenting opinion joined by Justices Sotomayor and Kagan, emphasized that "In 2020, 45,222 Americans were killed by firearm violence, and that the majority opinion strikes down the New York law based only on the pleadings without first allowing for the development of an evidentiary record and without considering its State's compelling interest in preventing gun violence.