UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                    Case No: 2:23-cr-20464

                                        Paul D. Borman
                                        United States District Judge

DEAIRES FOSTER,

        Defendant,
_____/

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE AND STATEMENTS (ECF No. 25)

      On December 26, 2023, Defendant Deaires Foster filed a Motion to Suppress evidence of the handgun seized from him by Detroit Police Officers Drake and Maciejewski, as well as the statements Defendant made to the officers admitting to possessing the handgun. (ECF No. 25). Defendant's Motion argues that the firearm and incriminating statements must be suppressed as the fruits of an illegal stop and frisk in violation of both the Fourth Amendment and *Terry v. Ohio*, 392 U.S. 1 (1968).

      The Government filed a Response to this Motion on January 16, 2024 (ECF No. 28) and Defendant did not file a Reply.

1

The Court held a hearing on this Motion on Thursday February 1, 2024. At the hearing, the Court heard testimony from Detroit Police Officers Drake and Maciejewski and watched video footage of the encounter.

Based on this testimony and video footage, the Court, ruling from the bench, made the following factual and legal findings:

The Defendant was standing near the front of a liquor store when he noticed a semi-marked police scout vehicle across the street. Upon seeing the vehicle, Defendant quickly turned around and walked back towards the store.

The officers, identifying Defendant's behavior as a furtive gesture[1], which based on their training and experience led them to believe that Defendant was hiding a weapon or contraband, turned into the liquor store parking lot to investigate. Approaching on foot, Officer Drake walked past Defendant and into the liquor store. As he walked past Defendant, he noticed the butt of a pistol in Defendant's open shorts pocket.

At this point in the encounter, because the officers had witnessed Defendant's evasive behavior and identified that he was carrying a concealed firearm, the police had reasonable suspicion to initiate a *Terry* stop and investigate whether Defendant

---

[1] *See* Black's Law Dictionary, 10th Ed. 2014, p. 790 ("**Furtive Gesture:** A surreptitious movement, esp. one seeming to be hiding something, seen by a police officer and providing reasonable suspicion to detain or search").

had a concealed permit license ("CPL") to carry a firearm, as required by Michigan law.[2]

Officer Drake lightly tapped Defendant on the arm to get his attention before asking Defendant if he had a valid CPL. When Defendant failed to produce his CPL and stated that he did not have his wallet with him, the officers had reasonable suspicion that Defendant was carrying an illegal firearm.[3] The officers were thus further justified in detaining and disarming Defendant for their own safety and for the public safety of others in the area.[4]

---

[2] *See United States v. Capozzoli*, 2022 WL 3044818, at *5 (E.D. Mich. Aug. 2, 2022); ("Having *seen* a concealed weapon, the officers had reasonable suspicion to investigate whether Defendant in fact had a firearm on his person, including by approaching him and asking Defendant questions") (emphasis in the original); *United States v. Mims*, 2021 WL 6049406, at *3–4 (E.D. Mich. Dec. 21, 2021) ("The fact that [the defendant] was carrying a firearm presented a formidable reason for the officers to suspect that he was involved in criminal activity because carrying a firearm is presumptively illegal in Michigan").

[3] *United States v. Freeman*, 2022 WL 1194058, at *5 (E.D. Mich. Apr. 21, 2022) ("[U]nder Michigan law, a defendant accused of illegally carrying a concealed weapon has the burden of producing evidence that he or she is licensed, and Michigan law also requires that an individual carrying a firearm keep the CPL on his or her person and produce the CPL when requested to do so by an officer.") (citing Mich. Comp. L. § 28.425f; *People v. Perkins*, 473 Mich. 626, 703 N.W.2d) (internal quotation marks omitted).

[4] *Terry v. Ohio*, 392 U.S. 1, 29 (1968) (an officer may conduct a reasonable search for weapons "for the protection of the police officer and others nearby," where he has reason to believe that he is dealing with an armed and dangerous individual).

For these reasons, and for the reasons stated more fully on the record, Officers Drake and Maciejewski lawfully stopped and seized Defendant Foster. Therefore, Defendant's Motion to Suppress is **DENIED**.

**SO ORDERED.**

Dated: February 2, 2024                                     s/ Paul D. Borman
                                                            Paul D. Borman
                                                            United States District Judge