UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                       Case No. 23-cr-20464
                                        Honorable Linda V. Parker

DEAIRES MARTEZ FOSTER,

        Defendant.
_____/

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER**

Presently before the Court is Defendant Deaires Martez Foster's Motion to Revoke Detention Order (ECF No. 35.) The Government filed a response on February 20, 2024. (ECF No. 36.) The Court heard oral argument and accepted Defendant's plea of guilty on February 22, 2024.[1] For the reasons set forth below, Defendant's motion is denied.

### **BACKGROUND AND PROCEDURAL HISTORY**

On August 23, 2024, Defendant was charged in a one-count indictment with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) On October 31, 2023, Defendant was released on a $10,000 unsecured bond.

---

[1] The Court conducted the February 22, 2024 hearing, where, in the following order, the Court: (1) accepted the factual basis for Defendant's plea; (2) heard argument on Defendant's motion; and (3) accepted Defendant's plea of guilty.

(ECF No. 6.) As a condition of his release, Defendant was required to: (1) submit to testing as required by his pretrial services officer; (2) reside at the bond address; (3) not use or possess any drugs; and (4) participate in an inpatient or outpatient substance abuse therapy and counseling program if directed by his pretrial services officer. (ECF No. 5.)

On December 5, 2023, Pretrial Services advised the Court of various alleged violations of Defendant's release conditions, including: (1) failing to reside at the address provided; (2) testing positive for narcotics (amphetamine, codeine, methamphetamine, and marijuana); and (3) failing to report for drug testing. (ECF No. 12.)

A bond review hearing was held on December 12, 2023. (*See* Dec. 12, 2023 Text-Only Order.) At the hearing, the Court ordered Defendant to report for inpatient/residential substance abuse treatment at the Salvation Army in Detroit for twenty-eight days, beginning on December 13, 2023, at 10 a.m. (ECF No. 13.) Defendant failed to timely report to the Salvation Army on December 13, 2023, and a warrant was issued for his arrest that same day. (ECF No. 14.) On December 14, the warrant was recalled and his bond was reinstated.

On December 19, 2023, Pretrial Services advised the Court, of the following:

> [T]he defendant left the [inpatient] facility against the advice of staff. According to Salvation Army staff, prior to the defendant's departure

the defendant had not been participating in treatment, not following program rules, cu[rsing] at staff, and overall being disruptive while in treatment. The defendant has not attempted to contact Pretrial Services and his current whereabouts are unknown.

(ECF No. 16 at PageID. 44.)

On December 21, 2023, the Court ordered Defendant's detention pending trial pursuant to 18 U.S.C. § 3148(b)(1)(B). (ECF No. 21.) The Court found by clear and convincing evidence that the Defendant was unlikely to abide by any conditions or combination of conditions of release. (*Id.*) Defendant now argues that he should be released pending sentencing. (ECF No. 35.)

## STANDARD OF REVIEW

The parties dispute which standard should apply to Defendant's motion. Defendant argues for Defendant's release under 18 U.S.C. § 3145. The Government argues that because Defendant signed the plea agreement before he filed his brief, Defendant's motion should be construed as a request for revocation of his detention order pending sentence under 18 U.S.C. § 3143.

Defendant signed the Rule 11 plea agreement on February 12, 2024. The Court, thereafter, scheduled this matter for plea hearing for February 22, 2024. The instant motion was filed by Defendant on February 15, 2024, after the plea hearing was scheduled. On February 21, 2024, the day before the plea hearing, counsel for Defendant advised the Court that Defendant will enter a guilty plea without the

3

Rule 11 plea agreement. The Court heard argument on the instant motion on the date Defendant entered his guilty plea and took the matter under advisement.

The court acknowledges that the Defendant ultimately decided to plead guilty without the Rule 11 agreement, nonetheless, the motion was filed after Defendant signed the Rule 11 agreement, and in contemplation of Defendant's conviction, therefore, the clear and convincing standard set forth in 18 U.S.C § 3143(a)(1) applies. In any event, the Court finds that Defendant cannot meet his burden under either standard.

The Court will address both in turn.

## LEGAL ANALYSIS
### 18 U.S.C § 3143

"[Section 3143] establishes a presumption in favor of detention that is rebuttable only upon the Defendant showing, by clear and convincing evidence, that he or she is not likely to flee or pose a danger to the safety of any other person or the community." *United States v. DeWolf*, No. 07–20158, 2010 WL 2720872, at *1 (E.D. Mich. July 8, 2010) (citing Fed. R. Crim. P. 32.1(a)(6)); *see also* 18 U.S.C § 3143(a)(1). Release is no longer favored once guilt of a crime has been established.   Defendant has pled guilty to the instant offense.

While § 3143 mandates detention, release is possible pending sentencing upon a showing of exceptional reasons. *United States v. Johnson*, No. 2:17-cr-

20489, 2020 WL 1821099, at *2 (E.D. Mich. April 10, 2020).  Unfortunately, Defendant has not shown any exceptional reasons as to why he should be released.

Based on Defendant's history of noncompliance with his pretrial release conditions as outlined above, the Court cannot make a finding by clear and convincing evidence that any condition, or combination of conditions, will ensure that the Defendant will not pose a danger to the community, or flee.

Bond is a privilege to which all parties initially believed Defendant was entitled.  Yet Defendant *chose* to walk away from the treatment facility while on bond.  He refused to wait to obtain permission from his bond officer. This occurred a mere five days after he failed to report to the facility in a timely manner.  These circumstances are exclusively of Defendant's making and he must own his behavior.

Notably, as a teenager, Defendant demonstrated full compliance with his bond conditions for a prior felony conviction such that he was allowed to voluntarily surrender.  The Court remains baffled as to why his efforts to comply in the instant matter have fallen woefully short.  The Court suspects that Defendant's drug use has become a significant factor and has had an impact on his decision making.

By Defendant's own admission, "the past 30 days have enabled him to cease using drugs and has allowed him to 'get clean' both physically and

mentally." (ECF No. 15 at PageID. 172.) Indeed, the Court applauds his ability to remain clean while in custody and will consider whether his current efforts should be supported by a custody sentence which allows for his participation in a drug treatment program.

Notwithstanding this positive development, the Court recognizes that Defendant has a drug problem that makes him a flight risk and a possible danger to others should he engage in drug use. The logistics surrounding securing a treatment facility for Defendant are challenging and bed availability is fluid. Defendant requests that he be placed on home detention until a bed space becomes available at an inpatient treatment program while submitting to electronic monitoring by Pretrial Services. (*Id.* at PageID. 173.) The latter option is too risky for the Court to consider. Given that Defendant has admitted his guilt to the instant offense, the Court fears that he may conclude that he has nothing to lose and, in turn, engage in reckless behavior.

Defendant has already demonstrated an inability to comply with the conditions imposed by the treatment facility. He has not been honest as to where he has resided while on bond. While the Court acknowledges that Defendant has made strides in his sobriety, based on his previous failure to comply with bond conditions, Defendant is unable to rebut the presumption by clear and convincing evidence that he is a flight risk or a danger to the community.

## 18 U.S.C. § 3145

A defendant may be detained pending trial only if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). "A judicial officer's finding of dangerousness must be 'supported by clear and convincing evidence.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing 18 U.S.C. § 3142(f)(2)(b)).

A defendant satisfies his burden of production when he "com[es] forward with evidence that he does not pose a danger to the community or a risk of flight." *Mercedes*, 254 F.3d at 436. Although a defendant's burden of production "is not heavy," he must introduce at least some evidence. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991)

"Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure the defendant will appear and to assure the safety of the community." *Id.* at 946. To determine whether no condition or combination of conditions exists that will reasonably assure Defendant's appearance, the Court must consider the following factors from § 3142(g): 1) the nature and circumstances of the offenses charged; 2) the weight of the evidence against Defendant; 3) his history and characteristics; and 4) the nature and seriousness of the danger to any person the community that would be

posed by Defendant's release. Moreover, only a majority of the factors need to be met. *See United States v. Oliver*, No. 16-40, 2016 WL 1746853, at *5 (W.D. Pa. May 3, 2016) (alteration added) (holding that the Government "met its burden to demonstrate that pretrial detention is appropriate" after meeting a "majority of [the 3142(g)] factors.")

A. Nature and Circumstances

The nature and circumstances of the offense charged weigh against detention. Defendant has been charged as a felon in possession of a firearm. Gun violence is a plague on our community, both locally and nationwide. "Possession of a firearm by a prohibited person is unquestionably a serious offense." *United States v. Sanders*, 466 F. Supp. 3d 779, 784 (E.D. Mich. 2020).

The record evidence demonstrates that Defendant openly possessed and displayed a loaded firearm in his waist band while at a convenience store with his 11-year old son and members of the community. This is dangerous behavior. The Court acknowledges that Defendant was cooperative with law enforcement officials at the time of his arrest. Defendant admitted to being a knowing felon in possession but, by virtue of possessing a loaded gun in his waist pocket, behaved in a reckless and irresponsible manner which could have resulted in danger to persons in the community. This factor weighs in favor of detention.

B. <u>Weight of the Evidence</u>

The weight of the evidence "goes to the weight of the evidence of dangerousness and flight, not evidence of the underlying offense." *Id.* (citing *United States v. Sykes*, 453 F. Supp. 3d 1011, 1015-16 (E.D. Mich 2020). Based on Defendant's history, Defendant has repeatedly failed to comply with monitoring conditions of his pretrial release. He has failed to provide an accurate address for where he will reside during bond, failed to appear for drug testing, and failed to remain at the inpatient treatment facility. These factors demonstrate both a high risk of flight, and dangerousness given that Defendant has substance abuse and mental health issues, and thus, weigh heavily in favor of detention.

C. <u>History and Characteristics</u>

The history and characteristics factor, as defined by 18 U.S.C. § 3142(g)(3), encompasses numerous qualities including the defendant's character, physical and mental health condition, family and community ties, employment, history relating to drug or alcohol abuse, criminal history, and a record concerning appearances at court proceedings.

While Defendant has both family and community ties, he also has a criminal history, both as a juvenile and adult, and has failed to timely comply with his Court ordered conditions of pretrial release in the instant case. He also has a history of drug abuse, as outlined above. Overall, Defendant's past conduct concerning his

9

supervised release violations, criminal history and record concerning compliance with pretrial conditions such as appearing for drug testing, being present for scheduled home visits, and reporting and remaining at the inpatient treatment facility, for which Defendant appeared late and left early, weigh in favor of detention.

D. Danger to the Community

Lastly, the nature and seriousness of the danger to any person or the community weighs in favor of detention. "Congress was apparently concerned with the safety not only 'of a particular identifiable individual, perhaps a victim or witness' but also of the community as a whole." *United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988) (citing *United States v. Delker*, 757 F.2d 1390, 1393 (3d Cir. 1985)).

Based on Defendant's repeated behavior of noncompliance with his pretrial conditions, the Court cannot fashion a condition or combination of conditions that will ensure Defendant's appearance when required. The risk of Defendant's flight is high, thereby increasing his risk to be a danger to the community. This factor therefore, weighs in favor of detention.

Overall, the considered factors weigh in favor of Defendant's detention

under 18 U.S.C § 3145.

For these reasons, Defendant's motion is denied.

**SO ORDERED.**

                                        s/ Linda V. Parker
                                        LINDA V. PARKER
                                        U.S. DISTRICT JUDGE

Dated: March 7, 2024